——o∗o——

ABEEL and ABEEL <em>against</em> RADCLIFF.

Where there is a lease at a certain annual rent, and the tenant holds over, after the expiration of the lease, without any new agreement as to the rent, the law implies that the tenant holds, from year to year, at the original rent.

But if the rent reserved in the lease was merely a ground rent, or for the land, exclusive of the buildings, and the landlord at the expiration of the term becomes entitled to the buildings erected by the tenant, as well as the land, in that case, a different rule will be adopted, and the annual value of both the land and buildings is the measure of damages.

This was an action for the use and occupation of a lot of ground, dwelling house, and premises, situate in the town of *Catskill,* in the county of *Greene.*

At the trial, it was proved by a witness on the part of the plaintiffs, that there was a dwelling house and barn on the premises in question, which he hired of the defendant, and had occupied them for two years and upwards, and paid the rent of 180 dollars, exclusive of taxes, of which 150 dollars were paid in cash, and the residue in improvements to the buildings. He testified that this was a high rent, though the premises were valuable on account of their situation, but that without the buildings, the annual value of the lot would not be more than 12 dollars and 25 cents. The premises had been leased by the plaintiffs to *Van Bergen,* by deed dated the 1st *April,* 1793, for the term of ten years, at the annual rent of 11 dollars and 25 cents. It was admitted on the part of the plaintiffs, that they had served the defendant's tenant with a notice to quit. For the other facts in this cause, see the case between the same parties, (13 *Johns. Rep.* 297.) the statement in which it was consented should be considered as part of the case in the present suit, ex-

NEW-YORK,
October, 1818.

ABEEL
v.
RADCLIFF.

cept so far as it relates to the agreement respecting the va-
luation of the rent.

It was contended, on the part of the plaintiffs, that they
were entitled to receive a rent as well for the lot, as the
buildings thereon, equal to the sum received by the defend-
ant from his under tenant; and it was admitted on the part
of the defendant, that if such were to be the rule, the plain-
tiffs were entitled to recover 300 dollars, being the two years
rent: but the defendant contended that he was liable only
for the use of the lot, exclusive of the buildings; and it was
proved that the lot alone was worth from 10 to 12 dollars.
A verdict was taken for the plaintiffs for 300 dollars, which
was to be modified in conformity to the rule to be laid down
by the court, as to the amount that the plaintiffs were entitled
to recover.

*J. V. D. Scott,* for the plaintiffs. The court have clearly
decided that the plaintiffs are entitled to this action. (*S. C.* 13
*Johns. Rep.* 297.) The only question here is as to the amount
of rent to be recovered. By the 31st section of the act relative
to rents, (36 sess. ch. 63. 1 *N. R. L.* 435—445.) where the
demise is not by deed, the landlord may recover a satisfac-
tion for the use and occupation. Here the lease having ex-
pired, and the defendant holding afterwards under an agree-
ment for a lease, which was void for uncertainty, there is
nothing shown, but the mere relation of landlord and tenant
between the parties. There being, then, no evidence of
any stipulated rent, the plaintiff is entitled to recover a rea-
sonable compensation for the use and occupation.

*P. Ruggles,* contra, admitted that the only question was,
how much the plaintiff was fairly entitled to recover. As
the defendant loses all the buildings he has erected on the
premises, in justice and equity he ought not to pay more
than the value of the ground rent. Where a tenant continues
in possession, after the expiration of a lease, the fair under-
standing is, that he is to pay rent according to the lease.
(*Harding* v. *Crethorn,* 1 *Esp. N. P. Cas.* 57.)

In *Hern* v. *Tomlin,* (*Peake's N. P. Cas.* 192) where
the defendant had entered into possession under an agree-

ment to purchase, and an assurance that the plaintiff had a long term of years, on the faith of which he incurred considerable expenses, Lord *Kenyon* ruled that an action for use and occupation would not lie, as the occupation was not beneficial but injurious; there being only three years of the term to run. In *Smith* v. *Stewart*, (6 *Johns. Rep.* 46.) where a person entered into possession of land, under a contract for the purchase, which he, afterwards, refused to complete, it was held, that an action of *assumpsit* for the use and occupation would not lie against him; and that the plaintiff's remedy was by an action of ejectment to recover the *mesne profits.*

SPENCER. J. The right of the plaintiffs to recover, as for the use and occupation of the premises, was settled by the decision of this court between the same parties, (13 *Johns. Rep.* 297.) under the same state of facts. The plaintiffs claim the real annual value of the premises; the defendant insists that they are entitled to recover only the rent stipulated in the original lease for ten years, which is 11 dollars and 25 cents, or, at most, the annual value of the lot, without the buildings.

The principle is, undoubtedly, a sound one, that where a tenant holds over, without any new stipulation between the parties, an implication arises that there is a tacit consent on both sides, that the tenant shall hold, from year to year, at the former or first rent.

This case, however, stands on different ground; and the facts disclosed show that the principle contended for does not apply. The parties have agreed to the facts as stated in the case in 13 *Johns. Rep.* and it will be seen, by reference to those facts, that the rent reserved by the original lease, was exclusively reserved upon the lot, without regard to the buildings. Since the expiration of the original lease, and the subsequent events, the plaintiffs have a legal title to the buildings, as well as to the lot. The former rent accruing from the lot alone, cannot be the criterion in ascertaining the value of the rent of the house and lot; and the law raises no implied agreement in such a case, that the old rent shall be the measure of damages. To test the soundness of the rule insisted on for the defendant, let us suppose that a landlord

lets a vacant lot for a year, at a stipulated price, and during the term erects a valuable house on the lot, with the assent of the tenant ; nothing is said as to the second year, but the tenant enjoys the lot and the house ; would the landlord's right to rent be restricted to the amount he was to receive during the first year, for the lot ? We think it would not ; but that he might recover the actual value. No substantial difference is perceived between the case put and the present. The rent agreed upon between the parties was for the naked lot, and when, by operation of law, the plaintiffs have acquired a title to the house also, a different rule must be established ; for a new state of things has arisen between the parties, repelling the presumption that they intended that the tenant was to hold at the old rent. I am, therefore, of opinion, that the plaintiffs are entitled to judgment for three hundred dollars for which the verdict was taken by consent.

VAN NESS, J. and YATES, J. concurred.

THOMPSON, Ch. J. It is a settled principle that the action for use and occupation will lie only where there is an express or implied contract under which the possession and enjoyment of the land has been held. In the case of *Smith* v. *Stewart*, (6 *Johns. Rep.* 48.) it is said by this court, that the relation of landlord and tenant must exist, founded on some agreement creating that relation. In the case before us, this relation originated by express contract, and at a specified rent ; and the simple question arising out of the case is, where such a tenant holds over, after the expiration of his lease, what is the implied contract as to the amount of rent ? Upon this point, I have supposed no doubt could exist, that in the absence of any express agreement, the implication of law would be, that each party assented to a continuance of the tenancy, at the same rent. If this is the general principle, I see nothing in the present case which should prevent the application of that principle. There is, certainly, nothing in the opinion of the court, in the former case between the same parties, (13 *Johns. Rep.* 297.) which can, in any measure, take it out of the general

rule. So far as any existing equities between the parties ought to influence the decision, that case is decidedly against the claim now set up by the plaintiffs. For although we considered the covenant relative to the renewal of the lease and payment for improvements as void, for uncertainty, yet it is expressly said, that the object of the parties probably was, that the lessee should have a new lease, for such a term as would reimburse, or indemnify him, for his expenses in the erection of a house and barn, in case the plaintiffs did not elect to pay for them, at the expiration of the former lease. The plaintiffs not having paid for these buildings, nor given a new lease, are now seeking to deprive the defendant of any benefit from the improvements made, at all events, under a belief and expectation that he was to receive a compensation for them. This must strike every person as being highly inequitable and unjust. It is no answer to say, that the plaintiffs may bring an ejectment, and recover possession of the land, and, in that way, deprive the defendant of his improvements. If they choose in that way to put an end to the tenancy, they may probably do it. But if they elect to consider the defendant a tenant, and bring an action that can only be supported on the supposition that the relation of landlord and tenant still exists, the defendant is entitled to the full benefit of the rule so explicitly laid down by Lord *Kenyon*, in the case of *Doe* v. *Bell*; (5 *Term Rep.* 471.) that where a tenant holds over, after the expiration of his term, without having entered into any new contract, he holds upon the *former terms.* I am accordingly of opinion, that the amount of the recovery ought to be regulated by the rent reserved in the former, or first lease.

PLATT, J. was of the same opinion.

*Sed per Curiam,*

Judgment for the plaintiffs, for three hundred dollars.