Bradley
v.
Covel.

BRADLEY *against* COVEL.

ASSUMPSIT for the use and occupation of a house and lot in Troy, tried before SPENCER, (late) Ch. Justice, at the Rensselaer Circuit, December, 1822.

The facts were these : The defendant's wife went into the house in September, 1819, with the plaintiff's consent, to hold it free of rent, without limitation of time, she engaging to pay the ground rent which was due to one Vanderheyden. To this the defendant assented, and paid the ground rent, which was $6 25 *per annum,* up to the 1st day of May, 1822. This he did on the 22d day of June, 1822. But on the 26th October, 1820, the plaintiff gave notice to the defendant and his wife to quit the premises, within three months from that time ; and now, on proof that the premises were in fact worth from $100 to $140 *per annum,* claimed a rent accordingly, for the time subsequent to the expiration of the notice ; and to this effect the Judge charged the jury, holding the notice to quit to be sufficient. Verdict for the plaintiff, $137. The defendant's counsel excepted to the decision of the Judge.

*J. P. Cushman,* for the defendant, moved for a new trial. He said the defendant was a tenant from year to year and entitled to 6 months notice to quit. The defendant's wife possessed more than a year, before the notice to quit was given. Then the rule is plain. A tenant from year to year is entitled to 6 months notice, ending at the commencement of the current year. (Woodf. L. & T. 182. Esp. Rep. 39.) The moment the second year begins, the tenant has a right to hold to its end. (1 T. R. 163.) Holding for an indefinite period, should be construed a tenancy from year to year, (1 John. Rep. 325-6,) which cannot be vacated without a half year's notice. (3 Burr. 1609. 1 T. R. 159. 3 Wils. 25.) If a tenant possess as a

A tenancy at will is held to be a tenancy from year to year, merely for the purpose of a notice to quit.

A shorter notice (e. g. 3 months) will terminate the tenancy ; but in such case where the holding is at a stated rent, the notice turns the tenancy at will into a tenancy from year to year, running from the expiration of the first notice ; and imposes the necessity of giving a notice to quit of six months, terminating on a day in the year corresponding with the termination of the first notice, in order to warrant an ejectment ; and the holding over upon the tenancy from year to year is at the former rent.

Where a tenant holds over after such notice without any new stipulation, the law

implies an agreement that it should be at the former rent."
This case distinguished from *Abeel* v. *Radcliff,* (15 John. Rep. 507.)

mere occupant, with the plaintiff's license, he is entitled to notice. (1 John. Rep. 325.)

At any rate, if the notice terminated the tenancy, the holding over was on the former rent. (5 T. R. 472. 12 John. Rep. 299. 15 id. 507.)

If there was no permission, the plaintiff should have brought trespass for the holding over. (2 Bl. Com. 147, 149.) If there was permission, it was according to the former rent; and, in either view, the plaintiff cannot recover.

*E. Wilson, Jun.* contra. The defendant was a tenant at will, (2 Bl. Com. 146, and authorities there cited; 1 R. L. 78;) and the notice to quit was a legal determination of the estate, (2 Bl. Com. 146, and the authorities there cited; *Phillips* v. *Covert*, 7 John. Rep. 1, 5;) after which, the tenant holding over was bound to pay the real annual value of the premises. (*Abeel* v. *Radcliff*, 15 John. Rep. 505.) Courts incline to turn tenancies at will into tenancies from year to year, merely for the purpose of a notice to quit, to enable the party to bring an ejectment. For every other purpose, they retain their true character of tenancies at will. (*Phillips* v. *Covert*, 7 John. Rep. 4, per Kent, Ch. J.

*Curia,* per WOODWORTH, J. The notice to quit terminated the tenancy at will; and converted it into a tenancy from year to year. A tenancy at will is held to be a tenancy from year to year, merely for the sake of a notice to quit; and the landlord cannot recover possession without giving six months notice; but this notice is not necessary for any other purpose. (*Phillips* v. *Covert*, 7 John. Rep. 4, 5.) The question then is, on what terms shall the defendant be considered as holding, after the tenancy at will ceased. Though he could not be ousted on such a notice, yet he must be considered as holding over; for his interest was at an end. The rule seems to be, in such cases, that where there is no new stipulation, an implication arises of a tacit consent on both sides, that the tenant shall hold from year to year at the former rent. (*Doe* v. *Bell*, 5 T. R. 472, per Ld. Kenyon, Ch. J. *Abeel* v. *Radcliff*, 15 John. Rep. 505.) This manner of terminating a tenancy at will is of but little

ALBANY,
Feb. 1825.

use; for it leaves the landlord, as to the rent, in the same situation as before, and imposes the necessity of a six months notice to quit on the day of the year corresponding to that on which the first notice expires. Without this, the landlord would still be unable to sustain an ejectment. (*Doe* v. *Bell*, 5 T. R. 471.) With this consequence, however, we have nothing to do.

What then was the former rent? Although the plaintiff was not, in fact, to receive any thing, yet the defendant was to pay the ground rent to the landlord paramount, namely, 6 dollars 25 cents, this being all that was exacted for lot and building. This was virtually so much rent to be paid to the plaintiff, who owed it to Vanderheyden. I do not perceive on what principle the plaintiff can claim more. The case is not like that of *Abeel* v. *Radcliff*, (15 John. Rep. 507.) There the first rent was for the lot merely. *Afterwards* buildings were erected; and the Court held that the annual value of both land and buildings was the proper measure of damages. Here the rent of 6 dollars 25 cents was for the whole. There must be a new trial, with costs to abide the event.

New trial granted.