The Chief Justice delivered the opinion of the court.
The Court of Common Pleas of the county of Monmouth, upon the trial of this case, ordered the plaintiff before them, now plaintiff in error, to be non-suited, because in their opinion, the evidence produced by him was insufficient to maintain the issue on his part.
The cause went to trial upon the plea of non-assumpsit. The declaration contained several counts.
The first count set forth that the plaintiff, on the first of 'April, 1822, leased to the defendant certain premises, consisting of a tavern and farm, for one year, the defendant *216 agreeing to pay, yield and render therefor “ one equal half part of all and singular, the grain and other produce which he should during that year raise on the said farm, and one-half of the profits of the said tavern, his family to have their living out of the said profits, to be paid, yielded and rendered during the said year, at the proper times and seasons of such produce, and as the profits of the said tavern should be received;” under which agreement the defendant entered upon and possessed the said premises during the said year.
The second count was upon a like agreement for one year, beginning on the 1st day of April, 1823.
William Williams, the only witness examined on the part of the plaintiff to prove the special agreement mentioned in these counts, testified, “ that in the spring of the year of our Lord, 1823, the witness being at the house of Mr. Hankinson, the defendant, both plaintiff and defendant were in conversation as to the terms on which the defendant was to live on the property where he then resided, being a tavern house with the appurtenances, containing fifty acres of land ;” that the defendant was to have the said premises for the term of one year from the first day of April, and at the end of the term, the defendant was to let the plaintiff have part of the profits of the tavern and farm, after the living of the family of the defendant was provided for, which was first to come out of the said profits; that these terms were agreed to by both parties. The witness understood from both parties that Hankinson had occupied the premises the year before on the same terms, and that the contract was to continue another *183] *year.” On cross examination he said, “ that nothing particularly was said about the grain or produce of the farm, but understood that after the family of the defendant was maintained, the profits of the whole were to be divided.”
This testimony of Williams, it is very manifest did not support either of the first two counts. Between it and them is a palpable and fatal variance. The declaration alleges the agreement to have been that the lessee should *217 render one-half part of the grain and other produce raised on the farm during the year at the proper times and seasons of such produce and one-half the profits of the tavern, and as they should be received; the living of the family first taken thereout. The agreement, according to the evidence, was that the defendant was to let the plaintiff, at the end of the term, have part of the profits of the tavern and farm, after the living of the family of the defendant was provided for; that nothing was said about the grain or produce of the farm, but that after the family of the defendant was maintained, the profits of the whole were to be divided.
So far then as respects the first and second counts, the opinion of the court was right; the evidence did not maintain the issue on the part of the plaintiff; he did not prove the agreement he declared upon.
The third count is for the use and occupation of the premises from the 1st day of April, 1822, to the 1st day of April, 1824.
Besides the evidence already mentioned, the plaintiff examined several witnesses to prove the possession and use of the premises by the defendant under the plaintiff, during the period mentioned in this count, and their value.
From the bill of exceptions it appears that the plaintiff gave some evidence, sufficient in matter of fact unless contradicted or overcome, to establish all the points necessary to recover in this form of action. The occupation by the defendant, under the permission of the plaintiff, and the value, were shewn. The cause then should have been permitted to go to the jury under the third count, unless because there was a special agreement; because the plaintiff had declared on it, attempted to prove it and failed; or because of the nature of the agreement itself.
1. Proof of a demise or special agreement, unless by deed, will not prevent a recovery under the count for use and occupation. *Such demise or agreement is often [ *184 resorted to for the purpose of shewing that the occupancy *218 was by permission of the plaintiff, and to fix the amount of damages. Sullivan v. Stradling, 2 Wils. 214, Per Bathurst, J.; Birch v. Wright, 1 D. & E. 387 ; Per Buller, J.; Wilkins v. Wingate, 6 _D. & E. 62; Brewer v. Palmer, 3 Esp. 213 ; Baker v. Hollpzaffell 4 Taunt. 45; Egler v. Marsden, 5 Taunt. 25; Smith v. Stewart, 7 John. 48 ; Bancroft v. Wardwell, 13 John. 491; Abeel v. Radcliff, 15 John. 508. The language of our statute establishes the same doctrine. Rev. Laws, 187, sec. 3.
2. The attempt and failure to prove the special agreement declared on, do not prohibit a recurrence to the count fox-use and occupation. The result might have been otherwise had the case been one of those in which a plaintiff may not recover under a genex-al count when it appears there has been a special agreement. 2 Starke Ev. 96; 1 Chitty pl. 339; Buller N. P. 139.
3. In the third place, the effect of the nature of the agreement remains to be considered. By way of rent, the plaintiff was to receive from the defendant, a portion of the profits of the farm and tavern. ' But they were not by such agreement constituted partnex-s, as between themselves, so as to disable the plaintiff fx-om suing at common law. A person may be allowed in special cases, says Kent in his commentaries, to receive part of the profits of a business, without beoming a legal or responsible partner. 3 Kent com. 11. In Hesketh v. Blanchard, 4 East. 144, the plaintiff sued for a share of the profits which he was to receive on the sale of certain articles, to purchase which he had lent his name and credit to the defendant. In Wilkinson v. Frazier, 4 Esp. 182, a sailor in the whale fishery sued the captain of the ship for a certain share of the px-oduce of the voyage which was to have beexx divided among the owners, the captain and the crew. In Wish v. Small, 1 Campb. 331, cattle purchased by Wish were put to pastux-e on the lands of Woof and the px-ofits beyond 201. on the resale, after the cattle should be fatted, were to be divided equally between Wish and Woof. *219 In Muzzy v. Whitney, 10 John. 228, the defendants who had contracted with a turnpike company for the making of a road agreed with the plaintiff that if he would advance a certain sum towards making the road and help them to complete it, he should have a share of the profits, if any there *were, in making the road in proportion to the assist- [*185 anee he should afford. In all these cases, the parties were held not to bo partners, with respect to each other, and liable to suits by each other in the common law courts.
The render to be made by Hankinson to Perrine, according to the agreement testified by Williams, must be understood to be in money, not in kind. The profits of the tavern could only consist of money, and the term, profits of the farm, is explained by its connection with the other. The amount, it is true, was uncertain. But such uncertainty creates no impediment to a recovery in this form of action. It would bo removed by such proof as the plaintiff might be able to produce. If unable to prove the actual profits, he might resort to proof of the value. And the defendant whose appropriate duty it was to keep and render an account of the profits as well as to pay over to the plaintiff his share, might exhibit proof of the actual profits in order thereby to limit the demand against him.
Under the third count then the plaintiff was prima facie entitled to recover. The non-suit was improperly ordered; the judgment should be reversed; and a venire facias de novo be awarded.