By the Court. Duer, J.
We do not at all doubt that the defendant is entitled to retain the possession of the demised premises, as she now holds them, until the owners of, the reversion, in performance of the covenants in the original lease, shall have actually paid or tendered to her the appraised value of the dwelling-house, which has been erected on the lot, or shall have granted to her a new lease, for the additional term of twenty-one years ; and, to this extent, the case of Van Rensselaer v. Penniman (6 Wend. 596), to which we were referred, may be regarded as a decisive authority. But neither this, nor, as we believe, any other adjudged case, can be cited, to prove that, while she thus retains the possession, the relation of landlord and tenant is wholly dissolved, so as to discharge her absolutely from the payment of rent; and, to a doctrine so unreasonable in itself, unless shown to be established as law, it is not probable that the assent of this Court will ever be given. It has long been, and probably still is in the power of the parties,—of the plaintiffs as owners of the fee, and of the defendant as tenant,—to demand, and compel a specific performance of the covenants in the original lease, but, as neither party has chosen to take the necessary steps for this purpose, we see nothing to distinguish this from any other case, in which the tenant holds over, after the expiration of the lease, with the consent of the landlord. It is, therefore, by the rules of law applicable to such .cases, that our decision must be governed.
But although we must hold that the defendant is liable in the present action, it by no means follows, that she is liable for the whole rent which the plaintiffs claim, and for which the verdict has been conditionally rendered.
It is settled law that, when a tenant for years is permitted to hold over after the expiration of his term, he becomes a tenant from year to year, according to the terms and conditions of the original lease, which, with the single exception of the duration of the term, continues to be, not only the proper, but the sole evidence of the subsisting contract of the parties. It is, therefore, the rent reserved by this lease, and that alone, that the tenant is bound to pay, and it is this, and no more, that the landlord can lawfully exact, unless it is proved to have been *447 altered by a new and express agreement (Knight v. Darley, 1 Term R. 162; Dox v. Bell, 5 Term, 471; Digby v. Atkinson, 4 Camp. 277; Harding v. Crithon, 1 Esp. N. P. Cases, 59; Do Young v. Buchanan, 10 Grill, and John. 149; Philips v. Menge, 4 Whar. 226). It was not denied by the counsel for the plaintiff, that the general rule is such as we have stated, but he insisted that there are valid reasons for excepting the present case from its application. He required us to hold that the payment to the guardian of the infant plaintiffs, of the sum of $229.50, as the rent for a single year, is conclusive evidence of a new agreement, binding her to the payment of the same rent so long as her possession has lasted, and shall continue.
But it is impossible for us to give this effect to the payment in question, without contradicting our former decisions, by which, in sustaining the demurrer of the plaintiffs to the answer first interposed by the defendant, we held that the agreement between herself and the guardian bound him, either to grant her a new lease for twenty-one years, or to pay her the estimated value1 of her dwelling-house, and the evidence clearly shows that it was in consequence of this agreement, and of the appraisement that followed, and in the full belief that a new lease would be given, in which the sum she then paid, would be reserved as the annual rent, that she consented to the payment now relied on.
We cannot, 'therefore, regard the payment as evidence of a promise to pay the same sum as an annual rent, so long as she was suffered to hold over under the original lease, when it is proved to have been made under a distinct agreement, which we have adjudged to be void, and upon a consideration that has wholly failed. It would be most inequitable to charge her with an increased rent, while the lease, which was to be the consideration of its payment, is still withheld, and we cannot hold that she is bound by an agreement which the plaintiffs, as made by their guardian, without authority, have chosen to repudiate. We cannot say that an agreement, not binding on the plaintiffs, is binding on her.
It was next insisted, that there is another and distinct ground upon which we are bound to say that the plaintiffs are entitled to the whole rent which they demand.
*448 The rent in the original lease, it is said, was merely a ground rent, having reference only to the naked value of the lot, and that, as a dwelling-house has since been erected, by which the value of the occupation of the premises has been greatly increased, it it reasonable and just, that a rent proportionate to this increase should now be allowed ; and, in support of the position that the plaintiffs have a legal right to demand this allowance, we were referred to the decision of the Supreme Court in Abeel v. Radcliff (15 John. 505), as a direct and controlling authority. Our examination of that case, however, has led us to a very different conclusion. If it is to be regarded as an authority at all, we are satisfied that it is directly opposed to the claim of the plaintiffs. It is true that, in Abeel v. Radcliff, although there was no evidence of a new agreement, a tenant holding over was held to be liable to an increase of rent, in proportion to the increased value of the premises, but the only ground of this decision was, that the improvements to which the increased value was owing, and which had been made during the term, became, upon its expiration, the sole property of the landlord. The dwelling-house, in the case before us, since the expiration of the. lease, has been, and still is, not the property of the plaintiffs, but of the defendant. In a qualified, but still in a legal sense, by force of the covenants in the original lease, she is its owner, and it is only by granting her a new lease, or by paying her its value, that the plaintiffs can divest her title. The reason, therefore, for admitting that exception from the general rule, which the decision in Abeel v. Radcliff appears to sanction, is wholly false.
But were the facts in this case exactly similar to those in Abeel v. Radcliff, we are by no means prepared to say that we should hold ourselves bound to follow the decision. It was that of a bare majority of the court. Chief Justice Thompson and Hr. Justice Platt dissented from the judgment, and the former supported his dissent by reasons which we think it would be difficult to answer. It is certain that the case stands alone, and in principle is not easy to be reconciled with prior authorities ; but, admitting it to be sound law, we cannot doubt that even the judges who concurred in the decision, would have rejected the claim of the plaintiffs in this suit, in *449 the extent to which it has been urged, They must haves done go, in consistency with their own reasoning,
Onr conclusions, then, are, that no valid reasons have been shown for excepting this case from the general rule, that a tenant holding over is liable only for the rent mentioned in his lease, and that, on the other hand, there are- special reasons for enforcing the rule in its strictest application, It is exactly the rule which a just regard to the intention of the parties to the original lease, as manifested by its terms, requires us to follow, The covenants to which we have referred evidently show, that it was not intended that the owner of the reversion should he placed in a situation to demand an increased rent upon the expiration of the lease, by any other means than by granting a new lease, or paying td the tenant the value of the improve - ment.
Hence the plaintiffs, until, by performing these covenants, they shall secure to the defendant the benefit to which she is entitled, will have no right to complain that the only rent they can he permitted to recover, is that which the lease stipulates to be paid. It may be, and doubtless is, greatly disproportionate to the present value of the premises, but it is that to which the law, and the contract of their ancestor, alone entitles them.
The original lease embraces two lots, and reserves an entire rent of $125. The defendant is the tenant of only one lot, and apportioning the rent equally, is liable but for the annual rent of $62.50,
It is upon this principle that the verdict must be reduced and adjusted.
Judgment for the plaintiffs, upon the verdict, as reduced,