A. A. HITE *vs.* W. D. PARKS and others.

April Term, 1875.

LESSEE'S LIEN FOR IMPROVEMENTS.—Under a lease for a term of years, which contains a provision that the lessor agrees, at the expiration of the term, to take the improvements at valuation, and a stipulation that the lessee will deliver possession at the end of the term, without more, the lessee has no lien upon the land leased for the value of his improvements.

*M. M. Brien, jr.*, for complainant.
*McClain & Haley*, for defendants.

THE CHANCELLOR:—On the 10th of June, 1867, by contract of lease entered into on that day by the parties, in writing, P. H. Parks leased to the complainant a vacant lot in Nashville, for five years, at an annual rent of $150 per year. The contract stipulated that the lessee would take good care of the property, " and, at the end of the term, deliver possession thereof to the said P. H. Parks, his heirs or assigns, in as good order and condition as it now is, ordinary wear and tear excepted." The contract also contained the following clause: " I, said P. H. Parks, agree, at the expiration of said term of time, to take the improvements at valuation of disinterested persons."

P. H. Parks died in the year 1871, and no person could be found to qualify as administrator of his estate. This bill was filed against his heirs, on the 31st July, 1872, alleging that complainant had put valuable improvements on the lot during the term, under the contract, had paid all the rent except the rent of the last year of the lease, and asking that the value of the improvements be ascertained, and the same declared a lien on the lot, and the lot sold for the satisfaction thereof. Such proceedings have been had in the cause that,

upon a reference, reserving the question as to the lien, the value of the improvements has been ascertained and reported. The case is before me for final hearing upon the question reserved, whether the complainant has a lien on the lot for the debt due him for improvements. It appears, from a cause with which this has been consolidated, that the estate of P. H. Parks is insolvent, and that the contest now is with other creditors. It is obvious, in such case, that the complainant must share equally with other creditors, unless he can show a prior lien originating in the life-time of the common debtor. Code, §§ 2326, 2389.

The lease under which the complainant claims contains no stipulation that the lessee shall have a lien on the land for the value of his improvements. There is, therefore, no express contract upon which complainant can rest for priority. And the claim is simply one of contract. *The Confiscation Cases*, 1 Wood, 227.

Is there anything in the case from which a lien may be implied? It contains no covenant on the part of the lessee to improve. The only covenant is by the lessor to pay for improvements to be made after the demise, and left at the expiration of the lease. But this is precisely the character of covenant which, in the opinion of our supreme court, is only personally binding on the lessor, and does not run with the land. *Bream* v. *Dickerson*, 2 Humph. 128. And so it has been held by other courts. *Whitlock* v. *Duffield*, 2 Edw. Ch. 366; *Gray* v. *Cuthbertson*, 4 Dougl. 351; *Thompson* v. *Rose*, 8 Cow. 266.

But, it is earnestly urged by the learned counsel of the complainant, the complainant was in possession of the lot at the expiration of the lease, and was entitled to retain possession until he was paid the value of his improvements, for which he cites Taylor's Land. & Ten. § 533, note; *Van Rensellaer* v. *Penniman*, 6 Wend. 569; and *Holsman* v. *Abrams*, 2 Duer, 435. The complainant's bill makes no such issue, being based exclusively upon the supposed lien, and the question whether the complainant remained in pos-

session at the filing of his bill cannot, in strictness, be noticed. If it could be, the result would be the same. For the authorities cited show that the contract of lease, in the one case expressly, in the other by fair implication, stipulated for such continued possession until payment of the valuation. In *Van Rensellaer* v. *Penniman*, the agreement was that the lessee should yield possession *on payment* of the valuation. In the other case the lease provided that the lessee should be paid the appraised value of the improvements, or that a new lease for the same term should be granted him. In the case before us there is, not only no provision authorizing or fairly implying the right of possession after the expiration of the lease, but the covenant of the lessee is express to deliver possession "at the end of the term." *Tallman* v. *Coffin*, 4 N. Y. 134.

I am constrained, therefore, to hold that the complainant is not entitled to the lien claimed, and a decree will be entered accordingly. The costs will, however, be paid out of the proceeds of sale of the premises.