# Cases

---

WILLIAM H. PAINE, Respondent, *v.* THE RECTOR, CHURCH WARDENS AND VESTRYMEN OF TRINITY CHURCH, IN THE CITY OF NEW YORK, Appellants.

*Landlord and tenant — summary proceedings to recover possession — agreement to pay value of buildings.*

A lease provided that if the tenant should erect certain buildings on the premises, and keep all the covenants on his part, the landlord would, at the expiration of the term, pay the appraised value of the buildings, or grant a new lease. The tenant failed to pay rent as agreed, and continued in default. *Held*, that the landlord could institute summary proceedings under the statute to dispossess the tenant, and the agreement to pay the value of the buildings at the expiration of the term did not take the case out of the statute.

APPEAL from an order continuing an injunction restraining the defendants as landlords from prosecuting summary proceedings to remove the plaintiff as lessee, from certain premises in New York city, for non-payment of rent under two leases executed by the defendants to plaintiff.

*S. P. Nash*, for the appellant.

*Christopher Fine*, for the respondent.

Davis, P. J.:

The leases from the appellant to the respondent bear date on the 25th day of April, 1872. Each of the leases is for a term of twenty-one years from the 1st day of May, 1872, and each reserves an annual rent of $6,250, payable in semi-annual installments on the first day of May and November in each year; and each reserves a right of re-entry for non-payment of rent, after the lapse of ten days from the time when the same may become due. Six months rent of the premises became due on the 1st day of May, 1875. The respondent failed to pay such rent although demanded, and more than ten days after default in such payment the appellant instituted summary proceedings, under "the landlord and tenant act," to remove the respondent from the premises. The respondent, alleges in his complaint, that the buildings on the premises belong to him and are worth $40,000; that they are underlet to various tenants, some twenty-three in number, and that he has offered to have the buildings valued in the manner provided by the leases for their valuation at the end of the term, and that the defendants refuse to assent to such offer. The provision in the leases relating to payment for buildings is as follows : "And it is hereby mutually covenanted and agreed by and between the parties to those presents, that if the said party of the second part, his executors, administrators or assigns, shall not, at any time, during the said term, erect or suffer to be erected on the said lot, any building constructed otherwise than as shall be required by law in respect to buildings within the fire limits of the said city, and shall, during the whole of the said term, well and faithfully keep all and every the covenants and agreements herein contained on his and their part and behalf, then the said parties of the first part, their successors and assigns, shall and will, at the expiration of the said term, either pay to the said party of the second part, his executors, administrators or assigns the just and full value at that time, of the building or buildings which may be standing on the said lot, to be ascertained in the manner hereinafter mentioned, or grant a new lease of the said lot."

The real question in this case is whether the provisions of the leases, in respect to the payment by the appellants to the respondent or his assigns, at the expiration of the term, of the just and full

value of the building or buildings, which may then be standing on the lot, to be ascertained as provided in the leases, and in respect to the granting of new leases of the said lot, have the effect to take the case out of the statute authorizing summary proceedings, and compel the landlord to resort to his action for rent, or to ejectment to recover possession. It is nowhere in the papers denied, on the part of the respondent, that the rent is due, or that it has been duly demanded, or that default of more than ten days in its payment had accrued. He stands solely upon his allegation of ownership in the buildings, and the rights secured to him by the lease at the expiration of its term, and claims that these alleged rights take the case out of the jurisdiction of the magistrate whose process is restrained by the injunction.

There can be no doubt that where the statute has not authorized the summary proceedings for the recovery of possession, the landlord has no remedy except ejectment, or his action upon the covenant to recover the rent; nor is there any question that the summary proceedings under the statute are in derogation of the common-law rights of tenants, and are to be strictly construed. (*Savacool* v. *Boughton*, 5 Wend., 170; *Barnes* v. *Harris*, 4 Comst., 384.) It seems, also, to be settled that a tenant who has performed the various covenants of his lease has, at the expiration of the term, the right to the possession of the property until he is paid for his buildings, where the lease contains covenants that he shall be paid the appraised value of the buildings, or that a new lease for an additional term at an appraised rent, excluding from the appraisal the value of the buildings belonging to him, shall be executed. (*Holsman* v. *Abrams*, 2 Duer, 435; *Van Rensselaer* v. *Penniman*, 6 Wend., 569; *Kelso* v. *Kelly*, 1 Daly, 419; *Wray* v. *Rhinelander*, 39 How. Pr., 299.)

It is difficult to see how the principle of those cases applies to the present case. The respondent has failed to perform the plain covenants of the leases by refusing to pay the installment of rent which fell due on the first day of May. He has continued his default until, by the express terms of the leases, the right of re-entry has accrued; and the landlord is seeking to enforce the remedy given him by the leases upon the occurrence of such default. The statute gives the right to proceed summarily against a tenant for years, whenever he holds over without permission, after default in the pay

ment of rent, and there are no substantial reasons why the process and remedy provided by statute are not applicable to the case. The fact that by the covenants of the lease, the respondent may have certain favorable rights at the expiration of the term, some eighteen years hence, cannot be urged as an excuse for the breach of the principal covenant on his part at the present time, or as a legitimate reason why the landlord should not have the remedies provided for him by statute. The right of the tenant depends altogether upon his faithful performance of his covenants, and it is difficult to see how his present refusal to pay the rent reserved by the leases puts him in position to enforce covenants of his landlord, which by the provisions of the leases are to be performed *in futuro*, and then only upon his having kept the covenants, which he concedes he has broken. The length of the terms of the leases furnishes no suggestion against the summary remedy. They are still leases for years; and it is only because of some supposed right which the tenant who makes default in the payment of rent, has to retain possession of the building for the purpose of compelling an adjustment of his equitable or legal interest therein, that the statutory remedy is resisted. We should have no hesitation in saying that if a tenant, under such leases as these before us, had, or could have *present equitable rights*, which, upon his own default in paying rent, he could compel his landlord to adjust with him before re-entry, the statute of summary proceedings would not be applicable to the case. But in these leases the right of re-entry is not subjected to any such adjustment. It accrues upon a default for ten days in the payment of the rent; and it only accrues upon the tenant's own failure to perform his covenant to pay. In that case it seems to us to be absolute, and may be enforced independently of any of the provisions of the lease in respect to renewals or compensation at the expiration of the term for the buildings which may then be upon the premises.

If the tenant, after such process, may have equitable rights which will hereafter accrue or ripen, they may be enforced by some appropriate proceeding. They certainly cannot now be enforced upon the idea that he can keep possession of the property without paying the rent. If the contrary be held the respondent would, by his own voluntary breach of the covenants of the lease, and without the

consent of the appellant, be able to make, and at the same time enforce, a new and different agreement from that contained in the lease.

We think the court below was mistaken in holding that the respondent, while conceding that the rent is due and has not been paid, and that the right of re-entry has accrued by the terms of the leases, can keep possession of the buildings, and compel the appellants to resort to the action for ejectment, or to an action to recover the rent.

The remedy of the tenant in such a case is to pay the rent as he may do before the order of dispossession is issued, or to redeem under the statute after he shall have been removed, and within the term prescribed. (Laws of 1842, chap. 240.) He cannot, we think, be allowed to restrain the proceedings of the landlord by injunction, without showing that he had tendered the rent, and bringing the amount thereof into court, as provided in ejectment for non-payment of rent. (2 R. S., 506.)

The respondent must pay rent or lose possession. (*People* v. *Kelsey*, 38 Barb., 269.) And the magistrate who issued the process, had, we think, full jurisdiction to enforce that obligation by summary proceedings.

Order below reversed with ten dollars costs, besides disbursements, and the injunction dissolved with costs; ten dollars costs of the motion below.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.