MOSHASSUCK ENCAMPMENT, NO. 2, et al., vs. ARNOLD & MAINE.

PROVIDENCE—MARCH 18, 1903.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Landlord and Tenant. Leases. Rent. Attornment.*

A. was the owner of a building on leased land. The lease expired June 30, 1899, but contained a clause providing that A. should give up possession when the value of the building, to be decided by arbitration, should be paid by the lessors. B. was tenant of a part of the building by lease from A., which expired June 30, 1899. October 9, 1899, A. was paid the appraised value and gave up possession. B., without any agreement with A., continued to occupy his part of the building until A. vacated. April 20, 1899, B. procured a lease of the land from the owners, beginning its term July 1, 1899, and running twenty years. A. brought suit to recover rent

of B. from July 1 to October 9, 1899, at the rate formerly paid under the lease. B. pleaded in set-off a claim to all rents received by A. after June 30, 1899:—

*Held*, that A. was entitled to hold the land and building as against his lessor, and all claiming under said lessor, until October 9, 1899.

*Held*, further, that B., as lessee holding over his term, was liable, at the option of A., to pay rent at the same rate as before.

*Held*, further, that the lease from the owner of the land to B. was subject to the recorded lease of A., and could not annul any of its provisions.

*Held*, further, that, conceding that the new lease operated, as between the owner of the land and B., as an equitable assignment of the ground rents accruing, B. could not sue A. in his own name for the rent, since A. had never attorned to him as landlord; and hence the claim could not be pleaded in set-off.

(2) *Landlord and Tenant. Ground Rent. Rents and Profits.*

*Semble*, that at the most A. would be liable to his landlord, from July 1 to October 9, for ground rent rather than for all rents and profits.

ASSUMPSIT. Heard on petition of defendants for new trial, and petition denied.

PER CURIAM. The court is of opinion that the rulings of Mr. Justice Douglas were correct, and adopt his decision as the opinion of the court.

## DECISION.

(1) DOUGLAS, J. The plaintiffs in this case were owners of a building standing on leased land. Their lease expired June 30, 1899, but contained a clause providing that they should give up possession when the value of the building, to be decided by arbitration, should be paid them by the lessors. The defendants were tenants of a part of the building by lease from the plaintiffs, which expired June 30, 1899. On October 9, 1899, the plaintiffs were paid the appraised value of the building and gave up possession of the estate. The defendants, without any agreement with the plaintiffs, continued to occupy the part of the building they had leased after their lease expired and until the plaintiffs vacated.

April 20, 1899, the defendants procured a lease of the land from the owners, beginning its term on the first day of July and running for twenty years.

On the 9th day of October, the defendants, by arrangement with the owners of the land, supplied the money which was paid for the building and became the owners of it.

This suit was brought to recover rent of the defendants from July 1st to October 9th, at the rate formerly paid under their lease.

The defendants deny their liability to pay the rent, and plead in set-off a claim to all rents received by the plaintiffs after June 30.

Both parties agree that the clause in the lease from the owners of the land to the plaintiffs, which determines when the plaintiffs shall surrender possession of the premises, viz., when they shall be paid for the building, gives the plaintiffs the right of possession until that time. This interpretation is also sustained by authority. *Van Rensselaer* v. *Penniman,* 6 Wend. 569; *Boulton* v. *Shea,* 22 Can. Sup. Ct. 742; *Holsman* v. *Abrams,* 2 Duer, 435; *Ecke* v. *Fetzer,* 65 Wis. 55; *Mullen* v. *Pugh,* 16 Ind. App. 337. The plaintiffs were therefore entitled to hold the land and building as against their lessors, and all parties claiming under these lessors, until October 9th. They had the same right that they had before to collect rent or recover for the use and occupation of the premises by the defendants or any other persons whom they, the plaintiffs, permitted to occupy portions of the premises. The very contention advanced by the defendants' plea that the plaintiffs should be held responsible for rents and profits during this occupation assumes that the plaintiffs had the right to let and recover rent during that period. The defendants, therefore, as lessees holding over their specified term, were liable, at the option of the plaintiffs, to pay rent at the same rate as before. *Providence County Savings Bank* v. *Hall,* 16 R. I. 154.

I am unable to see how the defendants' transactions with the owners of the land alter their relations to the plaintiffs. The owners of the land could not sell the building to the defendants till they had paid for it themselves. Neither could they put defendants in possession of the land until their own right of possession had accrued. Their lease to the defend-

ants was subject to the recorded lease to the plaintiffs, and could not operate to annul any of it provisions. It was itself a nullity so far as it assumed to convey an interest in land adversely held by others by recorded grant from the lessors. If we concede that, as between the owners of the land and the defendants, the new lease operated as an equitable assignment of the ground rents accruing, it still is true that the plaintiffs were not privy to this contract, nor, so far as appears, even informed of it. The defendants cannot sue the plaintiffs for their rents in their own names, since the plaintiffs have never attorned to them as landlords. *Comstock* v. *Cavanagh*, 17 R. I. 235. Hence the claim cannot be pleaded in set-off under our statute.

(2)   As the liability of the plaintiffs to pay for the continued possession from July 1st to October 9th is entirely to their lessors and not to the defendants, it is not pertinent to this case to consider whether such liability is to pay ground rent at the former rate or to account for all rents and profits received; but, inasmuch as the question is raised by the plea and was argued to the court, it may be observed that the cases cited by the defendants do not support the larger claim. *Franklin* v. *Card*, 84 Me. 528; *Scruggs* v. *Railroad Co.*, 108 U. S. Sup. Ct. 368.

The first case allows the landlord ground rent only. In the second, the question for the court's decision was limited, by agreement of counsel, to the time after the ascertainment of the amount of the value of the estate. Counsel agreed, by stipulation filed in the case, that, up to the making of the award, the tenant was liable for ground rent at the stipulated rate. After that the court held her to be, like a mortgagee in possession, entitled to interest and answerable for rents and profits accruing from the estate. In that case the tenant unwarrantably delayed the transfer of possession, by unfounded demands, during a long litigation. In the case at bar the arbitration does not appear to have been unreasonably delayed by either party, and the money was paid and possession transferred as soon as the amount was ascertained.

My decision, therefore, is that the plaintiffs are entitled to

recover for three months' rent, and that the defendants are not entitled to any sum in set-off.

Decision for plaintiffs for $1,522.40 and costs.

*Cooke & Angell,* for plaintiffs.

*Dexter B. Potter,* for defendants.