ALBANY,
Feb. 1828.

Thompson
v.
Rose.

*THOMPSON *against* ROSE.

An assignment, by the lessee, of all his legal and equitable interest in the demised premises, in possession or expectancy, with the hereditaments and apurtenances thereunto belonging, passes the equitable interest in a covenant by the lessor, contained in the lease to pay for buildings to be erected by the lessee during the term.

But it does not pass the legal interest; therefore the assignee must sue on the covenant in the name of the lessee.

A covenant by the lessor to pay the lessee (without saying his assigns) for buildings not *in esse* at the time of the demise, but to be erected during the term, does not run with the land; and an assignment of such covenant by the lessee, therefore, will not carry the legal interest. Otherwise where the covenant is to the lessee or his assigns.

COVENANT; tried at the Dutchess circuit, December 6th, 1826, before BETTS, late C. Judge.

The declaration was upon a lease under seal, dated August 19th, 1812, by which the defendant demised a farm to the plaintiff for the term of 10 years from the 1st of May, 1813, at a rent of 20 dollars; and he covenanted to pay the plaintiff, at the expiration of the term, for such buildings as he might erect during the term for the accommodation and pursuit of his business, the value to be fixed by men to be chosen by the parties, who mutually bound themselves to performance on the penalty of $500. The declaration averred the erection, during the term, of a dwelling house, blacksmith shop, shed and necessary, for the value of which this action was brought. The defendant pleaded an arbitrament and award between him and the plaintiff after the end of the term, and also a release from the plaintiff; who replied, that after the buildings were erected, and before the award or release, he assigned the lease and covenant of the defendant, of which he had notice, to Richard Harcourt, who assigned to Benjamin Harcourt, for whose benefit this suit was brought; on which issue was joined.

The main question at the trial was, whether the assignments passed the covenant of the defendant. The assignment to Richard Harcourt was dated in April, 1815, by which the plaintiff sold and conveyed to Richard Harcourt all the plaintiff's right, title, interest, claim and demand, both in law and equity, and as well in possession as in expectancy of, in and to all that certain house and lot, or piece of land, &c., (the demised premises,) with

A lessor covenanted to pay for buildings, and bound himself by a penalty. In an action on the covenant, *held*, that the plaintiff might recover beyond the penalty.

The assignee of a covenant, chose in action, who had assigned it to another, admitted as a witness for his assignee, without objection on account of interest.

all and *singular the hereditaments and appurtenances
thereunto belonging, or in any wise appertaining. The
plaintiff also covenanted to consult R. Harcourt as to the
men who were to value the improvements, and not to
choose without his approbation. The assignment from
Richard to Benjamin Harcourt, in 1818, was substantially
like that from the plaintiff, except in wanting the clause
relative to the choice of arbitrators.

The defendant having proved the arbitration and release
subsequent to these assignments, and notice of them, ob-
jected that the covenant did not pass by the assignments;
but the objection was overruled.

The defendant then attempted to prove a surrender of
the lease by R. Harcourt, but failed; and Harcourt was
received as a witness for the plaintiff.

Verdict for the plaintiff, $709.

*S. Stevens*, for the defendant, moved for a new trial. He
insisted that the terms of the assignment did not import
an assignment of the covenant. The covenant did not run
with the land, and the assignee could take no interest in it,
unless expressly granted. The assigns of the lessee are
not named in the lease; and the buildings were not *in esse*
when it was executed. (6 Cowen, 302, 307, and the cases
there cited. 3 Wils. 25.) But if the covenant be consi-
dered as running with the land, then the legal interest
passed; and the action should have been in the name of
the assignee. He alone can bring the action. (1 John.
Dig. 55, and the cases there cited. Id. 444, pl. 92, 93; 1
Esp. Dig. pt. 2, p. 150; 1 Chit. Pl. 11; 2 Mass. Rep. 455;
14 John. 89.)

The plaintiff was not entitled to recover beyond the
penalty. (2 Bac. Abr. 84; Covenant, Pl. 1, and note. Doug.
49; 2 Bl. Rep. 1190; 6 T. R. 303.)

*S. Cleveland*, contra. The assignment was evidently in-
tended to pass all the lessee's interest, including the cove-
nant of the lessor; and the defendant having notice of the
assignment, the arbitrament and award, and the release

ALBANY,
Feb. 1828.

Thompson
v.
Rose.

\*were fraudulent and void. The assignee claims an equi-table interest only, conceding that the covenant is a chose in action. The buildings not being *in esse* at the time when the lease was executed, we agree the covenant would not run with the land. We claim protection on the familiar ground that we are assignees of a chose in action, having given notice.

The penalty may be waived in a lease, or articles of agreement; and the party may recover upon the covenant without regard to its amount, especially where the covenantor is not a surety.

No objection was made to R. Harcourt as a witness, on the ground of interest. Had that ground been taken, we might have released him. It should not, therefore, be listened to now.

*Curia, per* SUTHERLAND, J. The issues joined between the parties, were, first, whether Benjamin Harcourt was the owner of the lease, and was entitled, by virtue of the assignment to him, to receive compensation for the buildings and improvements erected and made upon the demised premises, &c. 2. Whether the defendant had notice of the assignment of the lease to Richard Harcourt before the release from Thompson.

Upon the first point, it is clear that all the interest of Thompson in the leased premises, not only his right to the unexpired term, but also to compensation for the improvements, passed by his assignment to Richard Harcourt. The assignment contains a special provision upon this point, and also a covenant that Thompson, the assignor, will consult Harcourt in the selection of the individual, to be named by him, according to the provisions of the lease, to ascertain the value of those improvements.

It is equally clear that all the interest which Richard Harcourt thus acquired in the demised premises, and the improvements thereon, passed by his assignment to Benjamin Harcourt, for whose benefit this action is brought.

The terms in which the subject or interest intended to be assigned, is described, are, "all the right, title, interest,

*claim and demand, both in law and equity, and as well in possession as in expectancy, of the said party of the first part, of, in and to all that certain house and lot or piece of land, situate, &c., with all and singular the hereditaments and appurtenances thereunto belonging, or in any wise appertaining." The improvements or buildings for which compensation was sought by this action under the covenant in the lease, were the dwelling house, shed and blacksmith shop, which had been erected by Thompson. Now all the assignor's interest in the house, not only present, but expectancy, is expressly assigned, and his interest in the other buildings passed, because they were appurtenant and belonged to the house and lot.

The judge, therefore, ruled correctly, that the assignments sufficiently supported the first issue in behalf of the plaintiff.

Notice to the defendant of the assignments of the lease to Richard and Benjamin Harcourt, before the release from Thompson was given, was clearly proved.

The action was properly brought in the name of Thompson, the original lessee. The covenant on the part of the defendant to pay for the buildings to be erected, &c., is with Thompson only, and not with his assigns. The subject of the covenant was not *in esse* at the date of the lease. It was to pay for buildings to be erected, not to repair existing houses, sheds, &c. Such a covenant to repair, extends to the support of the thing demised, and is, *quodammodo*, annexed and appurtenant to it, and shall bind the assignee, though he be not named. But when the covenant relates to a thing which is not in being at the time of the demise, it cannot be appurtenant to the thing which hath no being. (*Spencer's Case*, 5 Co. 17.) Of course, it does not run with the land. Suppose the lease had contained a covenant on the part of Thompson to erect the buildings, as well as a covenant on the part of the lessor to pay for such buildings as should be erected. *Spencer's Case* decides, beyond all doubt, that the assignees of Thompson, not being named in the covenant, would *not have been bound by it; and if a covenant to build does not run with the land, and

[*270]

ALBANY,
Feb. 1828.

Thompson
v.
Rose.

bind the assignees, where they are not named, it would seem to follow that a covenant on the part of the lessor to pay for buildings to be erected, is a personal covenant only, and not one which runs with the land. If so, the action for a breach of it must be brought in the name of the original covenantee. There is no privity, either of estate or contract, between the covenantor and the assignee.[1]

This doctrine is recognized and supported by the case of *Lametti and others, executors, &c.,* v. *Anderson,* (6 Cowen, 302.) The action in that case was sustained in the name of the executors of the assignee. But the assignees were expressly named in the covenant.

The plaintiff's damages were not limited to the penal sum mentioned in the lease. That principle applies only to cases of surety, except the bond be conditioned for the payment of money only. (Doug. 49; 2 Bl. Rep. 1190; 6 T. R. 303; 2 T. R. 388.)[2]

The evidence was not entirely harmonious as to the value of the buildings. The jury have adopted about the medium value as established by the witnesses.

Richard Harcourt was a competent witness. He was not objected to on the ground of interest; but because he had voluntarily, as was alleged, surrendered the lease on which the action was brought, to the defendant; and was, therefore, incompetent to impeach or invalidate his own act, by sustaining the present action.

[1] When a covenant will be deemed to run with the land, and when it will be considered as merely personal or collateral, discussed and considered. *Norman* v. *Wells,* 17 Wendell's Rep. 136.

See New York Digest, vol. 2, tit. *Covenant.*

[2] A party, in consideration that another party had sold him fourteen lots of land for the sum of twenty-one thousand dollars only, covenanted to remove from the lots the surplus earth and stone, above the corporation level, within a reasonable time, and erect two brick houses upon the lot by a specified day, or, in default of erecting such houses, to pay the other party four thousand dollars, when afterward demanded; held, the sum specified is not a penalty, to be paid by way of damages for not building the houses; but if the houses are not built, to be paid as part of the contract price, for the lots conveyed. *Pearson* v. *Williams' Administrators,* 26 Wen. 630, affirming S. C., 24 Wen. 244. N. Y. Dig. vol. 2, p. 641, No. 17.

The evidence does not establish the fact of a surrender of the lease, by Richard Harcourt, with a view to its being cancelled. It was conditional, and in the expectation of receiving a deed for the demised premises upon a new contract; which contract appears never to have been carried into effect.

The lease never was, in fact, cancelled. It was produced by the plaintiff upon the trial, and must have been restored by the defendant after the alleged surrender.

Motion for new trial denied.