[ *506 ] The purpose of the hands and of Burke being present in the wheat field, and his aid and consent, I should suppose *could not be well misapplied. At any rate we prefer that the cause should be re-tried, on the views now taken, which indeed do not differ from those of the learned judge.

New trial granted ; costs to abide the event.

---

VERPLANCK and others *vs.* WRIGHT.

A *condition* in a lease *not to sell or dispose of any wood or timber* off and from the demised premises, without permission in writing from the landlord, is a good and valid condition, and a breach thereof works a forfeiture of the estate although the tenant consents to reserve 30 acres as a wood lot on a farm of 180 acres.

Such *condition* attaches to and operates upon the *estate*, and is not merely *personal ;* consequently it passes with the estate to the *assignee,* although he be not named.

THIS was an action of *ejectment*, tried at the Dutchess circuit, in March, 1839, before the Hon. CHARLES H. RUGGLES, one of the circuit Judges.

The suit was brought for the recovery of certain premises *demised* by Samuel Verplanck, an ancestor of the plaintiffs, to one Abraham Caniff, by an indenture of lease bearing date 10th September, 1808, for the term of the natural lives of the lessee and his wife. The premises were described as containing 180 acres of land, according to the original lease of Timothy Yeomans in the year 1743. The annual rent reserved was $62,50. Then followed a *proviso*, that the lessee, " his heirs, executors or administrators shall *sell or dispose of any wood or timber*, stone or dung, off and from any of the above mentioned premises, without liberty for so doing be first obtained from the said Samuel Verplanck, his heirs or assigns, in

writing, under his or their hands, (or, &c. setting forth a variety of acts to be done and omitted,) that then and from thenceforth for all, any or either of the said causes it shall and may be lawful to and for the said Samuel Verplanck, his heirs and assigns, or either of them, into and upon the said demised premises or any part thereof to *re-enter,*" &c.    The lease also contains a *covenant* in these *words : " And likewise    [ *507 ] further, that the said A. Caniff, his heirs, executors, administrators or assigns, shall *reserve at least thirty acres of wood land,* on such part of the hereby demised premises as he the said Samuel Verplanck, his heirs, executors, administrators or assigns shall appoint, and that the same *shall not be cleared* nor *any timber cut therefrom.*"    The lessee, with the assent of the landlord, assigned all his interest in the demised premises, in 1821, to *Richard C. Van Wyck,* under whom the defendant held the premises in 1837, when this suit was commenced.    The plaintiffs offered to prove that Van Wyck *had sold and disposed of wood and timber off and from the demised premises without the liberty or assent in writing of the lessor, his heirs or assigns,* and stated that such proof was offered to show a *forfeiture* of the estate.    The defendant objected to the proof as inadmissible, contending that the lease having been assigned with the assent of the landlord, the estate created thereby was discharged or clear of the condition, and was not the subject of forfeiture in the hands of the *assignee* for breach thereof. The judge sustained the objection, and no further proof being offered, the plaintiffs were *nonsuited,* who now ask for a new trial.

*J. W. Oppie,* for the plaintiffs.    The condition *not to sell or dispose of wood or timber,* is obligatory upon the *assignee,* although he be *not named* in the lease.    *Co. Litt. vol. 2,* § 325, 201 ; *Shep. Touch.* 119 ; 15 *Vesey,* 260 ; 1 *Johns. R.* 266 ; *Woodfall L. & T.* 278 ; *Bacon's Abr. Condition, F.*    The covenant to reserve 30 acres of wood land is *in addition* to the condition not to sell or dispose of the wood.    A *covenant* not to sell or dispose of the wood, being annexed to the thing demised, would have run with the land and bound the assignee, though not named ; *a fortiori* does the *condition* bind him.    *Spence's case,* 3 *Co.* 16.    *Shep. Touch.* 161.

*S. Burculo,* for the defendant.    The *assignee* not being named, is not bound ; but if he is, the *condition* not to sell or dispose of wood or timber applies only to the *thirty acres *reserved as wood land ;*    [ *508 ] and such should be the construction of this condition.    As to the residue of the premises, the tenant has an undoubted right to clear the land for cultivation, and if so, had the right to burn up the wood which he had felled for that purpose, on the land he had cleared, or to draw it off and permit it to rot, or to sell and dispose of it as he saw proper.    To *sell* the wood was doing no injury to the estate, nor was it within the spirit and meaning of the condition.    The rule of law is, that conditions which work

forfeitures shall be construed strictly against the lessor, and the violation must be of the *spirit* as well as the *letter* of the condition. *Adams on Eject.* 162, 173. 15 *Johns. R.* 278. 2 *Coke,* 119.

*By the Court,* NELSON, Ch. J. It is urged that the prohibition to cut and sell wood in the condition relates to the thirty acres of woodland afterwards reserved, and that it was necessary to prove a breach of that provision, at least, in order to work a forfeiture; and further, that even if such breach was proved, as the right of entry is not given for it in the lease, the only remedy is by action of covenant. I am of opinion this is not the true import of the lease, as derived from the language of the parties.

The reservation of the thirty acres is absolute; no part of it is to be cleared, or any timber cut therefrom. It was intended to be preserved entire for the benefit of the reversion, and could not be used by the lessee or his assigns for fence or fire bote. Unless there were a sufficient supply for these purposes and every other during the term on the residue of the farm, the tenants would be obliged to procure materials elswhere at their own expense. Beyond the thirty acres, they could use the woodland for all necessary agricultural purposes. 2 *Black. Comm.* 122, 283. Whether cutting down timber and disposing of it in this country would be waste, at common law, depends upon circumstances, as is said in *Jackson* v. *Brownson,* 7 *Johns. R.* 233, " must be left to the sound discretion of the jury, under the direction of the court, as in other cases." If the premises [ 509 ] are wild and uncultivated, such use of them would be justified *to a reasonable extent. A covenant not to commit waste, must be construed with reference to the state of the property at the time of the demise. But the condition prohibiting the *sale of any wood or timber* operates, and was doubtless intended to operate, as an express restraint upon this general right, that might possibly otherwise be claimed to flow from the interest acquired under the lease. The farm was probably an old and improved one at the time, as may be inferred from the fact that it appears to have been under lease as early as 1743, and therefore it was important to secure, not only the thirty acres of wood land entire, but a prudent and economical use of the residue. Such is the natural tendency and effect of the restraint in the condition.

But the important question in the case is, whether this condition extends to and operates upon the assignee, he *not being named :* in other words, whether it attaches to and operates upon the estate, or is merely personal. If it attaches to the estate, it then passes along with the term, and the assignee is bound as a privy in estate, the same as if named.

It is not material to inquire, particularly, whether the result would be different according as we regard the words in the light of a *condition* strictly or as a *covenant :* a clause of re-entry being expressly annexed to the

breach. The former is undoubtedly inherent, and qualifies the nature of the estate in the hands of the assignee as effectually as the latter. *Shep. Touch.* 119, 120. This author, after describing very fully these estates, and the nature of conditions that may be annexed to them, observes, " If he that hath the estate grant or charge it, it will be subject to the condition still, for the condition doth always attend and wait upon the estate or thing whereunto it is annexed ; so that although the same do pass through the hands of an hundred men, yet it is subject to the condition still ; and albeit, some of them be persons privileged in divers cases, as the king, infants, and women covert, yet they also are bound by the condition." *See also Co. Litt.* 246, *b.* ; *Bacon's Abr. tit. Condition, let. F.* ; 4 *Kent's Comm.* 126.

*Besides, it is quite clear that the clause should be considered [ *510 ] a *covenant* in express terms, *as well* as a *condition*. If one make a lease for years by indenture, *provided always*, and *it is covenanted* and agreed between the parties that the lessee shall not alien, this is both a condition and covenant. *Bacon's Abr. tit. Condition, let. G. Co Litt.* 203, *b. Shep. Touch.* 122. 9 *Moore*, 46. 8 *Barn. & Cress.* 308, *Bayley, J.* We need only refer to the clause in question, to be satisfied that it falls directly within the principle of these authorities.

Then is it a covenant or condition *that attaches to the estate*, and binds the *assignee*, though not named ? A distinction was taken in *Spence's case*, 3 *Rep.* 16, on this point, and which has been followed in all the subsequent cases : and that is, when the covenant extends to a thing *in esse*, parcel of the demise, the thing to be done by force of the covenant is *quoad modo* annexed, and appurtenant to the thing demised, and shall go with the land and bind the assignee, although he be not named in express words ; but when the covenant extends to a thing not in being at the time of the demise made, it cannot be appurtenant or annexed to the thing which hath no being. (Various illustrations are there given not important to notice.) *See also* 9 *Barn. & Cres.* 505 ; 2 *Chitty's R.* 482. Accordingly, upon this distinction, a covenant for quiet enjoyment, for farther assurance, for renewal, to repair, pay rent, to discharge the lessor of charges ordinary and extraordinary, to cultivate the lands in a particular manner, to reside upon the premises, to supply them with good water, not to carry on particular trades, &c. have all been held to bind the assignee, though he be not named. *Comyn's Landlord and Tenant*, 257, *and the cases there cited. Platt on Cov.* 466, *and cases cited.* Covenants also relating to the cultivation of the land, such as liming and dunging it during the term, 10 *Mod.* 158, or to spend all the muck thereon, 3 *Wils.* 32, or to leave fifteen acres every year for pasture *absque cultura, Cro. Jac.* 125, fall within this class.

The nature of the covenants that attach to and pass with the estate was very fully examined, and all the authorities *referred to [ *511 ] by Cowen, J. in *Norman* v. *Wells*, 17 *Wendell*, 136. A cov-

enant there that indirectly affected the use and enjoyment of the demised premises was held to be so inherent in the estate, and connected with it, as not to come within the objection of being collateral or personal. The word *assigns* was contained in the covenant, and somewhat favored the view taken. *Spence's case*, 3 *Rep.* 17. But the case under consideration comes directly within the distinction taken in *Spence's case* ; the covenant concerns a part of the premises demised, and its observance is highly beneficial to the estate. 5 *Barn. & Ald.* 1, *Best, J.*

I am therefore of opinion a new trial should be granted.

New trial granted.