## SUPREME COURT.

### EDWARD H. JACOT agt. JAMES BOYLE and others.

An action brought by a judgment-creditor, to set aside, as fraudulent and void, several and separate conveyances of real estate, made to different grantees by the defendant, the judgment-debtor, so that the plaintiff can satisfy his judgment out of such property, contains but *one cause of action*, and the several grantees are proper parties defendants.

*New-York Special Term, November,* 1859.
DEMURRER to complaint.

SUTHERLAND, Justice. I think there is only one cause of action in the complaint, and that the defendants, Gray and Brown, were properly made defendants.

The plaintiff is a judgment and execution-creditor of the defendant Boyle. He has two judgments, the execution on one of which judgments had been returned unsatisfied, and the execution on the other, for $1,642, remained in the hands of the sheriff unsatisfied.

The object of the action is to set aside two several conveyances of two several and separate parcels of real estate alleged to have been fraudulently made by Boyle to the defendants Gray and Brown, severally and separately, so that the plaintiff can satisfy his judgments out of the said real estate.

The plaintiff has a right to have his judgments satisfied out of all or any of the property of the defendant Boyle, and if the conveyances to Brown and Gray were fraudulently made at the time and with the intent alleged in the complaint, then

notwithstanding the alleged conveyances, the real estate purported to have been conveyed remains and is the property of Boyle.

There is, therefore, only one cause of action in the plaintiff's complaint. In a legal sense there was only one wrong, and only one remedy is required, the wrong was in fraudulently preventing the plaintiff from reaching the property by his executions, and the remedy is to remove the fraudulent obstructions by declaring the conveyances void. If this remedy was not sufficient, but other or further remedies were needed to give the plaintiff complete relief, that is, to satisfy his judgments, the fact, that such other and further remedies were required or asked for, would not affect the question whether there was more than one cause of action.

The alleged fraudulent conveyances were made severally, for several and distinct parcels of real estate, to Gray and Brown, and they, as grantees claiming under the conveyances, were interested in the remedy asked for by the plaintiff, and were properly made parties defendant.

This is a sufficient answer to the first two grounds of demurrer. As to the third—on the ground that this court, "sitting in New-York," has not jurisdiction, because a portion of the real estate so alleged to have been conveyed fraudulently lies in Williamsburgh—it is simply frivolous. The jurisdiction of the court is co-extensive with the territory of the state, and where a cause of action shall be tried is mere matter of practical regulation. Besides, the remedy of this action asked for and required, is to declare *conveyances* void, not directly through a judgment in this action to deliver the property to the plaintiff.

The plaintiff must have judgment on the demurrer with costs, with liberty to the defendants, Brown and Gray, to answer in ten days on payment of costs.