## SALTERS a. RALPH.

*Supreme Court, First District; General Term, Dec.,* 1862.

COSTS OF PREVIOUS SUIT.—STAY OF PROCEEDINGS.—LIQUIDATED DAMAGES.—FORM OF SUMMONS.

*It seems* that a motion to stay proceedings until the costs of a previous action for the same cause are paid, cannot be heard after judgment.

But the court may entertain such motion along with a motion to vacate the judgment for irregularity, and on granting the latter decide the motion for stay.

The summons in an action to recover unliquidated damages for breach of a contract should follow subd. 2 of section 129 of the Code.

A provision in an agreement that for its breach the party shall "forfeit" a fixed sum, implies a penalty, not liquidated damages.

Appeal from two orders.

This action was brought by Benjamin Salters, Jr., and David Porter Lord, against Edward Ralph, Jr., to recover damages for a failure to perform a contract. The defendant agreed to purchase a mortgage on machinery and to pay for it $1,500 on May 15th, 1861; also, if all the machinery covered by the mortgage was not needed, it was, together with all belting and shafting not needed, to be given up to plaintiffs, and that if the defendant should fail to perform the agreement he should forfeit $250. The summons was in the form prescribed by subdivision 1 of section 129 of the Code. The defendant moved to stay proceedings till the costs of a previous action for the same cause, which had been dismissed by default, were paid. On failure to answer, plaintiff entered judgment for $250 and interest. Defendant moved to set aside the judgment for irregularity and for leave to defend. Both motions were heard together and granted. The plaintiffs appealed. The other facts sufficiently appear from the opinion.

*Wm. Henry Forman,* for the appellants.—I. Applications to stay proceedings until payment of costs in a former suit must be made pending the litigation. (Cuyler a. Vanderwerk, 1 *Johns. Cas.*, 247; Marsh a. Eastman, 3 *Cow.*, 58.)

II. Such applications are granted on the ground that the second suit is vexatious. This case is within Lawrence *a.* Dickenson (2 *Cow.*, 580).

III. The judgment is regular. (Clement *a.* Cash, 21 *N. Y.*, 253; Bagley *a.* Peddie, 16 *Ib.*, 469; Cotheal *a.* Talmage, 9 *Ib.*, 551.)

*Daniel T. Walden*, for the respondent.—I. A stay of proceedings on the part of the plaintiffs in a second action, will be ordered until all the costs of the first suit for the same cause are paid. And also the costs of the motion to stay. (Edwards *a.* Ninth Av. R. R. Co., 22 *How. Pr.*, 444; *Exp.* Stone, 3 *Cow.*, 380; Cuyler *a.* Vanderwerk, 1 *Johns. Cas.*, 247; Jackson *a.* Carpenter, 3 *Cow.*, 22; Taylor *a.* Vandervoort, 9 *Wend.*, 449; Perkins *a.* Hinman, 19 *Johns.*, 237; Kentesh *a.* Tatham, 6 *Hill*, 372; Dresser *a.* Brooks, 5 *How. Pr.*, 75.)

II. This was not liquidated damages—it is not declared to be —but is a penalty; inasmuch as the damages for failure to perform are not uncertain or indefinite, the sum fixed must be considered as a penalty; and not as liquidated damages. (Richards *a.* Edick, 17 *Barb.*, 260; Jackson *a.* Baker, 2 *Edw.*, 471; Bagley *a.* Peddie, 16 *N. Y.*, 469; Kemble *a.* Fanen, 6 *Bing.*, 141; *Leg. on Dam.*, 1 ed., 429; Hoog *a.* McGinnis, 22 *Wend.*, 163.) The word "forfeit" is used, which designates a penalty. (Richards *a.* Edick, 17 *Barb.*, 260; Main *a.* King, 10 *Ib.*, 59.)

III. The judgment was entered irregularly. An action on contract for the recovery of money only, is an action for the recovery of a definite sum of money as such, without calling upon the court to ascertain or adjudge any thing but the existence or the terms of the contract by which it accrued, therefore an action to recover amounts unliquidated, requiring proof other than the contract, is not an action on contract for the recovery of money only. (Tuttle *a.* Smith, 6 *Abbotts' Pr.*, 329; S. C., 14 *How. Pr.*, 395; West *a.* Brewster, 1 *Duer*, 647; Hyde Park *a.* Teller, 8 *How. Pr.*, 504.) For this reason an action to recover unliquidated damages has never been considered within this section. (Coden *a.* Drew, 3 *Duer*, 654; Johnson *a.* Paul, 14 *How. Pr.*, 454; S. C., 6 *Abbotts' Pr.*, 355, *note;* Tuttle *a.* Smith, 6 *Abbotts' Pr.*, 329; S. C., 14 *How. Pr.*, 395.)

By the Court.*—Barnard, J.—The two motions on which the orders appealed from were made were heard together in the court below. The motion for a stay of proceedings was noticed before the judgment was entered.

Upon the hearing of this motion, plaintiff interposed the fact of his having obtained judgment as a bar; defendant answered to this that the judgment was irregular, and that he had a motion then on the calendar to set it aside for irregularity.

The judge heard the motions together, and rendered his decision, setting the judgment aside for irregularity, and staying the proceedings. There is no objection to this course.

The judge having set aside the judgment for irregularity, the action was then pending, and formed no obstacle to granting the motion for a stay. The judge might have directed the motion to vacate the judgment to be heard first, and adjourned the motion for a stay over until his decision; and then, having set aside the judgment, it would have formed no obstacle to the motion for a stay.

Instead of taking this course, he heard both motions together, and having heard both, and having become possessed of all the facts, he was at liberty to decide, and was correct in deciding the motions in the same manner as if he had first set aside the judgment before hearing the other motion. The judgment being out of the way, the stay was properly granted under the circumstances. From this it results that if the judge was correct in setting aside the judgment for irregularity, both orders should be affirmed. If he was in error in setting it aside, both orders should be reversed, as on the ground of favor the judgment should not have been vacated, and terms should have been imposed on granting permission to answer.

It is now to be considered whether the judgment was irregular. This case is distinguishable from Clement *a.* Cash (21 *N. Y.*, 253); Bagley *a.* Peddie (16 *Ib.*, 469); Cotheal *a.* Talmage (9 *Ib.*, 551). In all those cases the clauses relied on expressed in clear and unmistakable terms and words, that the sum was agreed on between the parties as ascertained and liquidated damages. Those cases proceed on the ground that the language employed showed that the parties, at the time of entering into

---

* Present, Ingraham, P. J., Leonard and Barnard, JJ.

the contract, had estimated the damages to result from a breach of the agreement, and had settled on the amount thereof to be paid. In this case there is no such agreement. The stipulation here is for a forfeiture. If this is to be deemed stipulated damages, then there has certainly been a great revulsion in the law on this subject; for, instead of its being any longer difficult to frame a clause which shall have the effect of liquidating damages, it will have become difficult to frame a clause which shall not have that effect. In Bagley *a.* Peddie, it is laid down as one of the rules for determining whether a given clause liquidates the damages, that " where the word *penalty* is used, it is generally conclusive against its (the clause) being held liquidated damages, however strong the language of other parts of the instrument in favor of such construction." Now, the case at bar falls directly within this rule. True, the word "penalty" is not used, but the word "forfeit," which has the same legal effect, is; and it is through the single word "forfeit" only, that plaintiff can make any claim whatever to the $250.

There is nothing in the language of the other parts of the instrument which in the slightest degree favors the construction that this sum was intended to be agreed on as ascertained and liquidated damages.

Having come to the conclusion that this is not a case of liquidated damages, it is clear that notice of assessment of damages was necessary, and such notice not having been given, the judgment was irregular.

The permission to defendant to answer was, under the circumstances, proper.

Orders affirmed, with $10 costs of appeal on each motion.