The parties agreed to exchange real estate upon certain specified terms, and each agreed to deliver a deed of his property at a time specified "or forfeit the sum of $500." Upon the first trial the court held this to be a provision for liquidated damages, and the plaintiff had a verdict for $500, which was set aside upon the application of the defendant, upon the ground that the decision was erroneous and that the sum should be deemed a penalty.
The case was retried upon this theory, and resulted in a verdict for the plaintiff of $1,000, against his request and exception that it should be regarded as liquidated damages, and the defendant now seeks to reverse the judgment, alleging error: First, in the decision that it is a penalty; and, second, that the recovery could exceed $500. As to the first question the parties have changed sides, and it is to be regretted that the first verdict was not allowed to stand, as being probably *Page 411 
quite as just, if not as legally accurate, but we must consider the exceptions as presented. We do not think that the exception of the defendant raises the question whether the sum named is a penalty or liquidated damages. It is quite evident that he did not claim on the trial that it was liquidated damages, and the only construction which can be given to his request to charge, is that assuming it to be penalty, the jury should be instructed in awarding damages not to exceed the sum of $500, which was refused and an exception taken. It is unnecessary, therefore, to determine the question of liquidated damages. It is, however, proper to say that if that question was before us we should hesitate in holding it a penalty, and there are many reasons for regarding it as a provision fixing the measure of damages by the parties. The word "forfeit" is not conclusive. A fundamental rule upon this subject is that the words employed must in general yield to the intention of the parties as evinced by the nature of the agreement, the amount of the sum named, and all the surrounding circumstances. The sum named is reasonable in amount for a failure to perform this agreement; it is payable for one breach, viz.: a failure to deliver a deed, and the injury is in some degree uncertain in amount and extent and might depend upon many unforeseen contingencies. These are material circumstances favorable to an inference that the parties intended to fix the sum as the measure of damages. The question has been frequently before the courts, and authorities may be found apparently favoring either construction. As it is unnecessary to decide the question, it is only proper to disclaim an intention to decide that the sum named in this contract ought in law to be regarded as a penalty. Courts have felt embarrassed, when called upon to enforce inequitable, harsh or oppressive provisions in contracts, inserted often without reflection or a full knowledge of their legal effect, by a laudable desire to harmonize the abstract principles of right and justice with the established legal rules that parties are at liberty to make contracts for themselves, and that it is the duty of courts to enforce them as made. By *Page 412 
a liberal use of the element of supposed intention they have been enabled to do so to a reasonable extent, and yet a reference to a few of the numerous authorities will illustrate the difficulties experienced in this respect. (9 N.Y., 551; 21 id., 253; 1 id., 450; 5 Cow., 144, note b.; 3 J. Cas., 297; 22 Wend., 201; 2 T.R., 32; 11 Ind., 70; 8 Mass., 223; 5 Allen, 304; 13 Wend., 588; 12 Barb., 366; 17 id., 260; 15 Abb. Pr., 273; 38 N.Y., 74; 6 East, 529; 3 Par. on Con., 156.) For the purposes of this case, we must regard the provision as a penalty. The exception of the plaintiff is of course not available to the defendant, and his exception does not embrace the point. The case was tried upon his view of the law on that subject and he cannot complain.
The second point is not tenable. It being a penalty and contained in an agreement inter parties, the plaintiff has his election to sue for the penalty or for a breach of the contract. In the latter event he is not limited in the amount of damages to the penalty. The rule would be different in an action on a collateral bond with a penalty conditioned for the performance of the contract. In that case the penalty would be taken as the limit fixed by the parties. The authorities are quite uniform on this subject. (Addison on Con. [7th ed.], 367; Mayne on Damages [2d ed.], 169, 170; 8 Cow., 266; 13 East, 343; 4 Dallas, 149;5 N Y, 422; 17 Barb., 265.) Parties are not released from performing their agreement by inserting a penalty for non-performance. (3 Atk., 371.) It is claimed by the defendant that this principle does not apply to this contract, because the agreement to exchange is not absolute, but is in the alternative, and that an action for a specific performance would not lie. I do not think that such is the legal construction of the contract. It contains an express agreement by the defendant to exchange his property (describing it) with the plaintiff, for certain specified property of the latter, and then provides that each party shall execute a deed by a specified time, or forfeit $500, and is signed by both parties. In legal effect it is the absolute agreement of both to exchange property, and might be enforced by either *Page 413 
party, and as we must regard the sum named as a penalty, it is to be construed as though it read "we each bind ourselves to the performance of this contract in the penal sum of $500." It cannot be regarded as an agreement to do one act, or in lieu thereof pay a sum of money, thus leaving it optional with the party to do either, but if optional with the defendant, his failure to perform either would give the plaintiff the option to inforce either or maintain an action for damages. The defendant occupies the position of refusing to perform the contract to exchange or pay the forfeit, and claimed, and was allowed on the trial to reduce the damages below that sum, and yet he insists that while he might reduce the sum to any extent, the plaintiff could not increase it by the same character of evidence, in other words, while he is to have the benefit of the sum named to limit a recovery, he is not under the corresponding burden of being bound by it. The answer to all this is that the sum named is not a fixed measure of damages, and that the action is on the agreement to exchange property, and the sum named upon the theory upon which the defendant voluntarily tried the case has properly nothing to do with the question of damages. The authorities cited do not sustain the position of the defendant upon this point.
The judgment must be affirmed.
All concur; except RAPALLO, J., not voting.
Judgment affirmed.