Chtjkch, Oh. J.
—The parties agreed to exchange real estate upon certain specified terms, and each agreed to deliver a deed of Ms property at a time specified, “ or forfeit the sum of five hundred dollars.” Upon the first trial the court held this to be a provision for liquidated damages, and the plaintiff had a verdict for five hundred dollars, which was set aside upon the application of the defendant upon the ground that the decision was erroneous, and that the sum should be deemed a penalty. *
The case was re-tried upon this theory, and resulted in a verdict for the plaintiff of one thousand dollars, against Ms request and exception that it should be regarded as liquidated damages, and the defendant now seeks to reverse the judgment alleging error: 1st. In the decision that it is a penalty; and, 2d. That the recovery could exceed five hundred dollars. As to the first question, the parties have changed sides, and it *404 is to be regretted that the first verdict was not allowed to stand, as being probably quite as just, if not as legally accurate; bnt we must consider the exceptions as presented. We do not think that the exception of the defendant raises the question whether the sum named is a penalty, or liquidated damages. It is quite evident that he did not claim on the trial that it was liquidated damages, and the only construction which can be given to his request to charge is, that assuming it to be a penalty, the jury should be instructed in awarding damages not to exceed the sum of five hundred dollars, which was refused, and an exception taken. It is unnecessary, therefore, to determine the question of liquidated damages. It is, however, proper to say that if that question was before us we should hesitate in holding it a penalty, and there are many reasons for regarding it as a provision fixing the measure of damages by the parties. The word “forfeit” is not conclusive. A fundamental rule upon this subject is that the words employed must in general yield to the intention of the parties as evinced by the nature of the agreement, the amount of the sum named, and all the surrounding circumstances. The sum named is reasonable in amount for a failure to perform this agreement; it is payable for one breach, viz., a failure to deliver a deed, and the injury is in some degree uncertain in amount and extent, and might depend upon many unforseen contingencies. These are material circumstances favorable to an inference that the parties intended to fix this sum as the measure of damages. The question has been frequently before the courts, and authorities may be found apparently favoring either construction. As it is unnecessary to decide the question, it is only proper to disclaim an intention to decide that the sum named in this contract ought in law to be regarded as a penalty. Courts have felt embarrassed when called upon *405 to enforce inequitable, harsh, or oppressive provisions in contracts, inserted often without reflection, or a full knowledge of their legal effect, by a laudable desire to harmonize the abstract principles of right and justice with the established legal rules that parties are at liberty to make contracts for themselves, and that it is the duty of courts to enforce them as made. By a liberal use of the element of supposed intention, they have been enabled to do so to a reasonable extent, and yet a reference to a few of the numerous authorities will illustrate the difficulties experienced in this respect (9 N. Y, 551; 21 Id., 253 ; 1 Id., 450 ; 5 Coto., 144, note b; 3 J. C, 297; 22 Wend., 201; 2 T. R., 32; 11 Ind., 70 ; 8 Mass., 223 ; 5 Allen, 304 ; 13 Wend., 588 ; 12 Barb., 366 ; 17 Id., 260; 15 Abb. Pr., 273 ; 38 N. Y., 74; 6 East, 529 ; 3 Pars. on Cont., 156). For the purposes of this case we must regard the provision as a penalty. The exception of the plaintiff is of course not available to the defendant, and his exception does not embrace the point. The case was tried upon his view of the law on that subject, and he can not complain.
The second point is not tenable, it being a penalty and contained in an agreement inter partes, the plaintiff has his election to sue for the penalty, or for a breach of the contract. In the latter event he is not limited in the amount of damages to the penalty. The rule would be different in an action on a collateral bond with a penalty conditioned for the performance of the contract. In that case the penalty would be taken as the limit fixed by the parties. The authorities are quite uniform on this subject (Addison on Cont., 7th ed., 367 ; Mayne on Damages, 2d ed., 169-70 ; 8 Cow., 266 ; 13 East, 343 ; 4 Dallas, 149 ; 5 N. Y., 422; 17 Barb., 265). Parties are not released from performing their agreement by inserting a penalty for non-performance (3 AtJc., 371). It is claimed by the *406 defendant that this principle does not apply to this contract, because the agreement to exchange is not absolute, but is in the alternative, and that an action for a specific performance would not lie. I do not think that such is the legal construction of the contract. It contains an express agreement by the defendant to exchange his property (describing it) with the plaintiff for certain specified property of the latter, and then provides that each party shall execute a deed by a specified time, or forfeit five hundred dollars, and is signed by both parties. In legal effect it is the absolute agreement of both to exchange property, and might be enforced by either party ; and as we must regard the sum named as a penalty, it is to be construed as though it read, “we each bind ourselves to the performance of this contract in the penal sum of five hundred dollars.” It can not be regarded as an agreement to do one act, or in lien thereof pay a sum of money, thus leaving it optional with the party to do either ; but if optional with the defendant, his failure to perform either would give the plaintiff the option to enforce either, or maintain an action for damages. The defendant occupies the position of refusing to perform the contract to exchange, or pay the forfeit, and claimed, and was allowed on the trial to reduce the damages below that sum ; and yet he insists that while he might reduce the sum to any extent, the plaintiff could not increase it by the same character of evidence. In other words, while he is to have the benefit of the sum named to limit a recovery, he is not under the corresponding burden of being bound by it.
The answer to all this is, that the sum named is not a fixed measure of damages, and that the action is on the agreement to exchange property, and the sum named upon the theory upon which the defendant voluntarily tried the case, has properly nothing to do with *407 the question of damages. The authorities cited do not sustain the position of the defendant upon this point. The judgment must be affirmed.
66 All concur, except Grover, J., absent, and Raballo, J., not voting.55