## DOUGLASTON REALTY CO. v. HESS.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. LANDLORD AND TENANT—LEASES—CONSTRUCTION—"IMPROVEMENTS."

A lease provided that a tenant should, on receiving six months' notice that a bona fide sale of the property had been made, and on payment of pro rata amount of expenditures in repairs and improvements on the property, to be paid by the landlord as specified, surrender possession at the end of the six months' notice, and that the landlord should, on the termination of the lease by reason of sale prior to the termination of the term named, reimburse the tenant for outlays for all repairs, etc. *Held,* that the word "improvements" meant changes or betterments in the existing building or structure demised.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 586–597.

For other definitions, see Words and Phrases, vol. 4, pp. 3452–3460; vol. 8, pp. 7682, 7683.]

2. SAME—EXPRESS COVENANTS.

The tenant was not bound to surrender the premises before the expiration of the term of the lease, until notice was given and perfected and the expenditures were paid or tendered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 601.]

3. SAME—COVENANTS RUNNING WITH LAND.

The covenant ran with the land, for it related to repairs, and so to something in esse; and, while it is not essential that such a covenant should name the assigns of the covenantor, a provision that the covenants and agreements contained in the lease were to be binding on the parties and their legal representatives included the assigns.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 110, 536–543.]

4. SAME—SURRENDER—NEW AGREEMENT.
> Parties to a lease may make a new agreement as lessor and lessee, so as to work the surrender of an unexpired term.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 350–359.]

5. SAME—COVENANT TO SURRENDER—PERFORMANCE—ENFORCEMENT.
> Performance of a covenant in a lease providing for surrender on certain conditions may be enforced by the lessor, after termination of the tenancy, on performance of the conditions.

Appeal from Municipal Court, Borough of Queens, Second District.

Summary proceedings by the Douglaston Realty Company against Virginia Hess for the recovery of real property. From a judgment for petitioner, defendant appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Philo P. Safford, for appellant.
Read G. Dilworth, for respondent.

JENKS, J. The covenants in the lease up for consideration read as follows:

> "And it is further agreed that the party of the second part, before the expiration of the said term of five years, will, on receiving six months' notice that a bona fide sale of the property has been made, surrender possession of the demised premises at the end of the six months' notice, and on payment of the pro rata amount of expenditures by her in repairs and improvements on the property, to be paid by the party of first part, as specified. And the party of the first part further agrees, on termination of this lease by reason of sale of the property as referred to prior to the termination of the term named, to reimburse the said second party for all outlays as follows: All repairs made by said party, approved in writing by the said first party, and paid for by said second party, are to be refunded to second party pro rata; that is to say: Should the expenditures amount to two hundred dollars, and lease was terminated in two years by reason of sale of property, the rebate would be at rate of forty dollars per annum for the unexpired term. And it is further understood and agreed that the covenants and agreements contained in the within lease are binding on the parties and their legal representatives."

The word "improvements," when read with its associated word "repairs," and with the context, and considered with reference to the subject-matter, means changes or betterments in the existing building or structure demised. Ames v. Trenton Brewing Co., 56 N. J. Eq. 309–317, 38 Atl. 858, 861; Wimberly v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 308. In the latter case the court say:

> "An improvement may be an independent structure or addition, and it may be an addition to or mere betterment of a building or improvement already made, and not included in 'repairs thereto.'"

The covenant for surrender before the expiry of the term provided only that the tenant should give up possession on receiving six months' notice of a bona fide sale at the end of six months; but it also provided, "and on payment of the pro rata amount of expenditures by her in repairs and improvements on the property"

to be paid by the lessor. I think that the case falls within the rule applied to the second lease in Van Rensselaer's Heirs v. Penniman, 6 Wend. 569, as stated and approved in Matter of Coatsworth, 160 N. Y. 122, 54 N. E. 665, and that therefore the tenant was not bound to surrender the premises before the expiry of the term of the lease until notice was both given and perfected and the expenditures were paid or tendered to her.

I think that the covenant ran with the land; for it related to repairs, and so to something in esse. Lametti v. Anderson, 6 Cow. 302, affirmed 6 Wend. 326; Thompson v. Rose, 8 Cow. 266; Verplanck v. Wright, 23 Wend. 510; Belden v. Union Warehouse Co., 11 App. Div. 163, 42 N. Y. Supp. 650, and authorities cited. It is not essential that such a covenant should name the assigns of the covenantors. Thus in Thompson v. Rose, supra, the court say:

"Such a covenant to repair extends to the support of the things demised, and is, quo ad modo, annexed and appurtenant to it, and shall bind the assignee, though he be not named."

See, too, Denman v. Prince, 40 Barb. 213–217, and authorities cited; Winfield v. Henning, 21 N. J. Eq. 188; Am. & Eng. Ency. of Law (2d Ed.) vol. 8, p. 137, and authorities cited.

Moreover, it is provided that the covenants and agreements shall be binding on the parties and their "legal representatives," which may in this case include the assigns. N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S. 597, 6 Sup. Ct. 877, 29 L. Ed. 997. The parties could have made a new agreement as lessor and lessee, which would have worked a surrender of the unexpired term (Smith v. Kerr, 108 N. Y. 31, 15 N. E. 70, 2 Am. St. Rep. 362); but the evidence does not satisfy me that this was done. Moreover, the landlord invoked this covenant in the original lease (whose term was then outstanding) in order to end the tenancy. I think, however, that it is still in the power of the landlord to demand and to compel a performance of the covenant in question. Holsman v. Abrams, 2 Duer, 435.

The final order must be reversed, with costs. All concur.